## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ahmad A.,**
**Respondent Below, Petitioner**

**v.)  No. 24-51** (Mercer County CC-28-2023-D-AP-11)

**Kimberly A.,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

The petitioner herein and respondent below, Ahmad A., appeals from an order entered on December 20, 2023, by the Circuit Court of Mercer County denying his appeal of the family court's domestic violence protective order ("DVPO").[1] The respondent herein and petitioner below, Kimberly A., contends that the circuit court did not err in denying Ahmad A.'s request for relief. Upon review of the parties' briefs and the appendix record, we conclude that the circuit court did not err in affirming the DVPO issued by the family court and that disposition by memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

At the time of the underlying events, Ahmad and Kimberly were married but separated.[2] During their marriage, the couple lived in several different states due to Ahmad's employment, last residing together in Oklahoma. In the fall of 2022, Kimberly and the couple's son[3] moved to Kimberly's mother's home in Princeton, West Virginia; Ahmad, whose employment changed to remote work, moved to Beckley, West Virginia, in early summer 2023 so that he could maintain a relationship with their son. It appears from the record that Kimberly filed a previous domestic violence petition against Ahmad in early 2023, which expired by its own terms without a hearing; a simultaneous abuse and neglect investigation was closed as unsubstantiated, allegedly because

---

[1] Ahmad A. is represented by counsel Brandon L. Gray and Matthew A. Bradford, and Kimberly A. is represented by counsel E. Raeann Osborne. Additionally, in cases involving sensitive facts, we use initials, rather than the parties' full names. *See generally* W. Va. R. App. P. 40(e) (restricting use of personal identifiers).

[2] Ahmad is originally from Jordan; Kimberly is from West Virginia. During the underlying proceedings, Ahmad testified that he became a United States citizen after the parties married.

[3] The parties' son was approximately six years old at the time of the events giving rise to this appeal.

the physical abuse Kimberly claimed Ahmad had inflicted on their son occurred in other states and was outside the jurisdiction of West Virginia Child Protective Services. During this time, the parties concede that Ahmad had unsupervised visitation with their son, but such visits stopped in August 2023.

Kimberly filed the underlying petition seeking a DVPO in October 2023 after Ahmad visited their son's school; their son was not at school that day because he was home sick. The parties differ as to the reason for Ahmad's school visit: Kimberly claims that Ahmad intended to remove their son from school to transport him to Jordan, whereas Ahmad proffers that he merely wanted to make sure the school had his contact information for their son's school records.[4] Following a hearing, the Family Court of Mercer County, by order entered November 14, 2023, granted Kimberly a ninety-day DVPO against Ahmad, finding that she had demonstrated, by a preponderance of the evidence, domestic violence through "creat[ion of] fear of physical harm by harassment, stalking, psychological abuse or threatening acts." *See generally* W. Va. Code § 48-27-202(3). During the hearing, Kimberly and her mother testified regarding Ahmad's alleged threats to transport the parties' son to Jordan against Kimberly's wishes in an attempt to have her follow them there and their son's fear of being separated from his mother in this manner, manifesting as night terrors and nightmares and necessitating counseling. Kimberly also recounted how, earlier in their marriage, Ahmad allegedly forced her to travel against her will to Jordan with their son to reside with Ahmad's mother and brothers. In addition to granting the DVPO, the family court also awarded temporary custody of the parties' son to Kimberly but granted Ahmad weekly supervised visitation, with the proviso that the court would consider modifying the visitation to unsupervised once Ahmad gave their son's passports to Kimberly.[5]

Ahmad appealed the family court's ruling to the Circuit Court of Mercer County, which affirmed the family court's DVPO by order entered December 20, 2023. Ahmad now appeals to this Court.

"Upon an appeal from a domestic violence protective order, this Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W. Va. 702, 591 S.E.2d 260 (2003). *See also* Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004) ("In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.").

---

[4] Kimberly testified that she had already provided Ahmad's contact information to their son's school.

[5] The parties' son is a dual citizen of Jordan and the United States. Ahmad brought their son's United States passport to the family court hearing but had not yet surrendered the child's Jordanian passport when the family court entered its final order.

On appeal, Ahmad challenges the lower courts' rulings finding that Kimberly had proven the existence of domestic violence, pursuant to the statutory definition thereof in West Virginia Code § 48-27-202, sufficient to support the issuance of a DVPO. We have held that, "[t]o allow proper judicial review, a family court judge who issues a domestic violence protective order is required to make factual findings which describe the acts of domestic violence that have been established by the evidence presented and to identify which statutory definition of domestic violence such facts demonstrate." *John P.W.*, 214 W. Va. at 704, 591 S.E.2d at 262, Syl. Pt. 2.

In its order, the family court set forth its finding that Kimberly had proven Ahmad's commission of domestic violence:

> The Court, on the basis of all the evidence presented, finds as follows:
> . . . .
> That Petitioner [Kimberly] has proven by a preponderance of the evidence the following allegations of domestic violence or abuse in accordance with W. Va. Code § 48-27-501[6]. . . .
> . . . .
> The Respondent [Ahmad] created fear of physical harm by harassment, stalking, psychological abuse or threatening acts.

(Footnote added). Although the family court did not cite the specific subsection for the statutory definition of domestic violence or abuse that it found Kimberly had proven, West Virginia Code § 48-27-202 defines "domestic violence" or "abuse," in part, in language identical to that employed by the family court's order:

> "[d]omestic violence" or "abuse" means the occurrence of one or more of the following acts between family or household members, as that term is defined in section two hundred four of this article:[7]
> . . .
> (3) [c]reating fear of physical harm by harassment, stalking, psychological abuse or threatening acts.

W. Va. Code § 48-27-202(3) (footnote added).

The family court's order further set forth the facts upon which it based its finding of domestic violence:

---

[6] West Virginia Code § 48-27-501 governs the issuance and modification of protective orders.

[7] West Virginia Code § 48-27-204 defines "family or household members." The parties do not dispute that the parties and their son meet this definition.

3

CREDIBLE TESTIMONY BY GRANDMOTHER [Kimberly's mother], CHILD AFRAID OF FATHER [Ahmad] DUE TO FEAR OF BEING REMOVED TO JORDAN, BUT ADMISSIONS BY CHILD HE LOVES HIS FATHER [Ahmad]. CHILD IS RECEIVING COUNSELING, DUE TO FEAR OF BEING REMOVED FROM THE MOTHER [Kimberly]. CREDIBLE TESTIMONY BY MOTHER [Kimberly] THAT CHILD WILL BE REMOVED TO JORDAN BY THE FATHER [Ahmad], WITH TESTIMONY CHILD LOVES HIS FATHER [Ahmad], HE JUST DOES NOT WANT TO BE REMOVED TO BE AWAY FROM HIS MOTHER [Kimberly].

(Emphasis in original). With respect to the specific definition of domestic violence at issue in this case, we have held that

[t]he act of domestic violence defined in West Virginia Code [§] 48-27-202(3) (2001)[8] as "[c]reating fear of physical harm by harassment, psychological abuse or threatening acts" provides that fear of physical harm may be established with (1) proof of harassment, (2) proof of psychological abuse, or (3) proof of overt or covert threatening acts.

Syl. Pt. 6, *Thomas v. Morris*, 224 W. Va. 661, 687 S.E.2d 760 (2009) (footnote added). Here, the family court found, from the testimony presented, that Ahmad's threats to the parties' son to remove him from Kimberly's care and to transport him to Jordan satisfied this definition of domestic violence.

Upon this record, we find no error in the family court's finding of domestic violence and issuance of a DVPO based thereon or in the circuit court's affirmance of the DVPO. Accordingly, we affirm the December 20, 2023, order entered by the Circuit Court of Mercer County.

Affirmed.

**ISSUED:** March 31, 2026

**CONCURRED IN BY:**

Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[8] The Legislature has since amended West Virginia Code § 48-27-202 to add "stalking" as an additional item in the referenced list. *Compare* W. Va. Code § 48-27-202(3) (2001) *with* W. Va. Code § 48-27-202(3) (2010).

**DISSENTING:**

Chief Justice C. Haley Bunn

**Bunn, Chief Justice, dissenting:**

I dissent to the majority's resolution of this matter because I would have set this case for oral argument to thoroughly address the petitioner's assignment of error. A closer examination of the petitioner's argument that there was insufficient evidence presented to support the circuit court's finding that the petitioner "created fear of physical harm by harassment, stalking, psychological abuse or threatening act"— is warranted.

West Virginia Code § 48-27-202 defines "domestic violence" or "abuse," in relevant part, as follows:

> "[d]omestic violence" or "abuse" means the occurrence of one or more of the following acts between family or household members, as that term is defined in section two hundred four [§ 48-27-204] of this article:
>
> . . .
>
> (3) [c]reating fear of physical harm by harassment, stalking, psychological abuse or threatening acts[.]

W. Va. Code § 48-27-202(3). Furthermore, this Court has set forth several ways for an individual to establish a fear of physical harm:

> [t]he act of domestic violence defined in West Virginia Code [§] 48-27-202(3) (2001) as "[c]reating fear of physical harm by harassment, psychological abuse or threatening acts" provides that fear of physical harm may be established with (1) proof of harassment, (2) proof of psychological abuse, or (3) proof of overt or covert threatening acts.

Syl. Pt. 6, *Thomas v. Morris*, 224 W. Va. 661, 687 S.E.2d 760 (2009).[1] The lower court found that the testimony provided demonstrated that the child at issue feared being removed from his mother and received counseling due to that fear but loved the petitioner. Accordingly, the question of whether the petitioner created a fear of *physical harm* under these circumstances is more nuanced than the majority decision reflects. Because this issue warrants oral argument and more thorough consideration of the petitioner's conduct and whether there was sufficient evidence presented for

---

[1] Subsequently, the Legislature amended West Virginia Code § 48-27-202 to add "stalking" as an additional way to create fear of physical harm. *See* W. Va. Code § 48-27-202(3) (2010).

the circuit court's finding that the petitioner "created fear of physical harm by harassment, stalking, psychological abuse or threatening acts[,]" I respectfully dissent.